977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerard K. TROSIAN, Plaintiff-Appellant,
v.
PICKER INTERNATIONAL, INC., Defendant-Appellee.
 No. 91-15557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1992.
Decided Oct. 2, 1992.
 
 Before FLETCHER, POOLE and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Picker International is a manufacturer of medical imaging equipment. Plaintiff Gerard Trosian was Picker's District Sales Manager for San Francisco from 1984 to 1989. Trosian appeals the district court's grant of summary judgment in favor of Picker in his wrongful termination suit. He had no written employment contract, but for purposes of the summary judgment motion, the parties have agreed that Trosian could be fired only for good cause. Because genuine issues of material fact remain, we reverse.
 
 JURISDICTION
 
 3
 The district court had jurisdiction over this diversity suit pursuant to 28 U.S.C. § 1331, 1332. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.
 
 STANDARD OF REVIEW
 
 4
 Summary judgment is reviewed de novo. Intel Corp. v. Hartford Accident and Indemnity Co., 952 F.2d 1551, 1556 (9th Cir.1991).
 
 DISCUSSION
 
 5
 In this diversity action, the governing substantive law of wrongful termination is California's, but the governing procedural law is federal. Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). Summary judgment will issue if the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 "If the evidence [propounded by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50. This standard does not permit trial by affidavit. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Picker objects that many of the facts offered by Trosian are hearsay, which under Fed.R.Civ.P. 56(e) may not be used to defeat summary judgment. We rely on only those facts that are non-hearsay or admissible hearsay.
 
 
 7
 In its recitation of the facts, the district court appears not to have drawn the necessary inferences in Trosian's favor. It sets forth Picker's facts in support of its motion in some detail, but Trosian's facts in opposition are curtly rejected as "conclusory allegations." This suggests to us that the district court acted as fact-finder, an improper role on summary judgment. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.
 
 
 8
 The district court cited to four facts offered by Picker to justify its grant of summary judgment (each fact was contested by Trosian, who presented evidence strong enough to get to the jury):
 
 
 9
 1. "Trosian exhibited extremely poor managerial judgment." Trosian's uncontested history of accomplishment at Picker prior to 1988 (as evidenced by improvements in the San Francisco district's sales figures and the receipt of Picker's "Human Resource Management Award" in 1987) and the declaration of one of Trosian's sales staff praising Trosian's supervisory abilities indicate the opposite. Picker argues that Trosian criticized company policy and revealed the contents of his poor performance review to his staff, actions that evidence his poor judgment. Trosian responds that he was being honest with his subordinates, and that they responded well to his "up front" approach. A jury could properly infer that Trosian was a good manager.
 
 
 10
 2. "While still employed by Picker, Trosian told a recruiter that he had resigned from the company." Trosian admits to discussions with the recruiter, but denies making this statement. This is clearly a question for the trier of fact.
 
 
 11
 3. "He failed to sell any units of a particular instrument which Picker had made clear was considered extremely important to the company. By contrast, his successor sold eight such units within a year of Trosian's termination." Trosian counters that sales of expensive medical equipment take many months to complete, and that he initiated and advanced these eight sales. A reasonable jury could agree.
 
 
 12
 4. "He made comments to his staff disparaging of Picker's products." Again, a jury could infer that Trosian's comments were intended to give his staff a realistic assessment of the market's perception of the products. Picker's counsel agreed at oral argument that Trosian's comments were not per se good cause for firing.
 
 
 13
 Because there was genuine dispute with regard to all of the material facts relied on by the district court, summary judgment was inappropriate.
 
 
 14
 Appellee argues strenuously that we should uphold the district court because of the almost unlimited discretion the employer has to fire persons from managerial posts. The discretion is substantial but not unlimited. Our decision in no way alters California's substantive law of wrongful termination, which contemplates that "[when] the employee occupies a sensitive managerial or confidential position, the employer must of necessity be allowed substantial scope for the exercise of subjective judgment." Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 928 (Cal.App.1981) (Pugh I ). The trier of fact, of course, must apply this deferential standard. Nonetheless, when the issue is whether certain actions constitute good cause for termination, "the jury does scrutinize the employer's business judgment and determines whether the discharge was justified under all the circumstances. If the reasons advanced by the employer for the discharge are trivial, capricious, unrelated to business needs or goals, or pretextual, the jury may properly find that the stated reason for termination was not a 'fair and honest cause or reason' regulated by good faith." Pugh v. See's Candies, Inc., 250 Cal.Rptr. 195, 213 (Cal.App.1988) (Pugh II ). The employer's supervisory discretion is protected by appropriate jury instructions.
 
 
 15
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3